UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERYN J. HERNANDEZ,

                         Plaintiff,

            -against-

J. SPANO, et al.,

                        Defendants.

1:21-CV-11112 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated in the Groveland Correctional Facility, brings this *pro se* action alleging that the defendants violated his federal constitutional rights. Plaintiff sues members of the correctional staff employed at the Ulster Correctional Facility, as well as the New York State Department of Corrections and Community Supervision ("DOCCS"). For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

      Under 28 U.S.C. § 1391(b), a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

      Plaintiff names as defendants individual correctional staff members assigned to the Ulster Correctional Facility, but he does not allege where any of those individuals reside. He also names

DOCCS, a New York State agency, as a defendant; DOCCS resides throughout New York State, including in this judicial district.[1] Because Plaintiff does not specify where any of the individual defendants reside, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1).

Plaintiff does allege, however, that the events giving rise to his claims occurred in the Ulster Correctional Facility, which is located in Napanoch, Ulster County, New York. Ulster County lies in the Northern District of New York. *See* 28 U.S.C. § 112(a). Thus, the United States District Court for the Northern District of New York is a proper venue for this action under Section 1391(b)(2).

The Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: New York (Borough of Manhattan), Bronx (Borough of the Bronx), Westchester, Dutchess, Rockland, Orange, Putnam, and Sullivan. 28 U.S.C. § 112(b).

2

"broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer sua sponte").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action because the underlying events occurred in the Ulster Correctional Facility, in Ulster County, and the individual defendants are assigned to that correctional facility. Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Northern District of New York. *See* § 1404(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees, and whether *pro bono* counsel should be requested to represent Plaintiff, are determinations to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: January 4, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge